IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY JOHN ROBERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3578-C-BN |
| | § | |
| ROWLETT TX POLICE DEPARTMENT and JOHN CREUZOT, | § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Billy John Roberson returns to federal court *pro se*, this time to attack his 2005 Dallas County conviction for aggravated assault with a deadly weapon, resulting in a six-year sentence of incarceration, under the Administrative Procedures Act (APA). *See* Dkt. No. 3.

The Court has referred his case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because Roberson is again, in substance, seeking habeas relief under 28 U.S.C. § 2254, he has filed an unauthorized successive habeas application, and considering his numerous past challenges to this conviction, the Court should dismiss the construed habeas application without prejudice to Roberson's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive application.

## Applicable Background

Roberson launched his first challenge to the 2005 state conviction in this district on July 27, 2005, when he

> filed a federal civil rights lawsuit seeking monetary damages and immediate release from incarceration. (*See* No. 3:05-CV-1490-P, docs. 1, 24, 31.) On March 7, 2006, his civil rights claim for monetary damages was denied with prejudice, and the remainder of his lawsuit was construed as a § 2254 petition and dismissed without prejudice for failure to exhaust state remedies. *See Roberson v. Texas*, No. 3:05-CV-1490-P, 2006 WL 8437513, at *2 (N.D. Tex. Mar. 7, 2006). He subsequently filed three § 2254 petitions challenging his conviction and sentence, all of which also were dismissed without prejudice for failure to exhaust state remedies. (*See* No. 3:06-CV-0739-R, docs. 5, 6); *Roberson v. Quarterman*, No. 3:06-CV-1751-B, 2006 WL 2945572, at *2 (N.D. Tex. Oct. 11, 2006); *Roberson v. Quarterman*, No. 3:06-CV-1786-M, 2006 WL 3327654, at *2 (N.D. Tex. Nov. 14, 2006).
>
> On February 22, 2007, Petitioner filed another § 2254 petition challenging his conviction and sentence on the grounds that "(1) the evidence was insufficient to support his conviction; (2) the prosecutor failed to disclose evidence favorable to the defense; and (3) he received ineffective assistance of counsel." *Roberson v. Quarterman*, No. 3-07-CV-0339-B, 2007 WL 4373267, at *1 (N.D. Tex. Dec. 13, 2007). It was denied on December 13, 2007. *See id.* at *4. On April 9, 2008, he filed a § 2254 petition based on the same grounds but added a claim for lack of service of the citation or indictment. *See Roberson v. Quarterman*, No. 3:08-CV-509-P, at *1 (N.D. Tex. July 20, 2008). The petition was transferred to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) as a successive § 2254 petition. *See id.* at *2. On October 7, 2008, the Fifth Circuit denied authorization to file a successive § 2254 petition. *See In re: Billy John Roberson*, No. 08-10700 (5th Cir. Oct. 7, 2008).

*Roberson v. Creuzot*, No. 3:20-cv-2310-L-BH, 2020 WL 6431963, at *1 (N.D. Tex. Sept. 14, 2020), *rec. accepted*, 2020 WL 6393002 (N.D. Tex. Oct. 30, 2020) (construing a petition filed under 28 U.S.C. § 2241 concerning the 2005 conviction as a successive Section 2254 petition and dismissing it for lack of jurisdiction); *see also Roberson*, 2020 WL 6431963, at *4 n.2 ("Notably, the Court also lacks jurisdiction to consider the petition because Petitioner was not in custody on the challenged conviction at the

time he filed the petition." (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989))).

## Legal Standards and Analysis

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gatekeeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Here, the Court should not focus on the label Roberson attaches to his suit (one under the APA) but on the substance of his claims, which challenge the state indictment (Ground 1); assert that the prosecution failed as to its burden (Grounds 2 and 3); challenge the sentence imposed (Ground 4); and collaterally attack the victim's story (Ground 5). *See* Dkt. No. 3 at 3-4. Moreover, Roberson cannot bring a lawsuit under the APA concerning a state criminal conviction, because "the APA

allows judicial review for persons 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action,' and defines 'agency' as 'each authority of the Government of the United States,'" so, "[b]y its own terms, the APA does not apply to state agencies," a result "confirmed by case law." *Sw. Williamson Cnty. Cmty. Ass'n, Inc., v. Slater*, 173 F.3d 1033, 1035-36 (6th Cir. 1999) (quoting 5 U.S.C. §§ 701(b)(1), 702, then citing *Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1055 (5th Cir. 1993) (reiterating that "the 'APA [is] a route through which private plaintiffs can obtain federal court review of the decisions of *federal* agencies'" (quoting *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 875 F.2d 453, 456 (5th Cir. 1989))); citation omitted).

Roberson has already exercised his "one fair opportunity to seek federal habeas relief from his [2005] conviction." *Banister*, 140 S. Ct. at 1702; *see generally Roberson*, 2007 WL 4373267. And his current claims allege defects in that conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Roberson when he filed an initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222.[1] Roberson therefore attempts to present claims that are successive.

---

[1] *See also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citation omitted)); *Leal Garcia*, 573 F.3d at 221 ("[P]etitioners filing later habeas petitions [may not] assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. ... AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.").

And his failure to first obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives this Court of jurisdiction to consider the current construed habeas application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this construed application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, given Roberson's established history of successive filings (set out above) and the fact that he does not appear to be "in custody" under the conviction he now collaterally attacks, *see* 28 U.S.C. §§ 2241(c), 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989); *Roberson*, 2020 WL 6431963, at *4 n.2, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance," *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss Billy John Roberson's construed *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 10, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE