IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY JOHN ROBERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3578-C-BN |
| | § | |
| ROWLETT TX POLICE DEPARTMENT | § | |
| and JOHN CREUZOT, | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Billy John Roberson returns to federal court *pro se*, this time to attack his 2005 Dallas County conviction for aggravated assault with a deadly weapon, resulting in a six-year sentence of incarceration, under the Administrative Procedures Act (APA). *See* Dkt. No. 3.

The Court referred his case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

And the undersigned has entered findings of fact, conclusions of law, and recommendation that, because Roberson is again, in substance, seeking habeas relief under 28 U.S.C. § 2254, he has filed an unauthorized successive habeas application, and considering his numerous past challenges to this conviction, the Court should dismiss the construed habeas application without prejudice to Roberson's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive application [Dkt. No. 5] (the Initial FCR).

Roberson then, less than a week after initiating this case, filed an amended complaint/petition [Dkt. No. 6], the substance of which does not change the analysis set out in the Initial FCR. *Cf.* FED. R. CIV. P. 15(a)(1)(A) (allowing leave to amend a "pleading once as a matter of course within" "21 days after serving it"); RULE 12, RULES GOVERNING SECTION 2254 IN THE UNITED STATES DISTRICT COURTS ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

For reasons set out in the Initial FCR, the Court should therefore dismiss Roberson's construed *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254, as now amended, without prejudice to his right to seek authorization to file a successive application in the Fifth Circuit

**Recommendation**

The Court should dismiss Billy John Roberson's construed *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254, as amended, without prejudice to his right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 14, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE